## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| AUDENCIO G. VILLASANA, III,    § | |
| Plaintiff,    § | |
| § | |
| vs.    § | C.A. NO.  C-04-468 |
| § | |
| JANET WILISON, ET AL.,    § | |
| Defendant.    § | |

## MEMORANDUM AND RECOMMENDATION TO DENY MOTION FOR INJUNCTION AND TO BE TRANSFERRED AND MOTION FOR RETURN OF PROPERTY

### Background

Plaintiff, an inmate housed at TDCJ-CID's Eastham Unit in Lovelady, Texas, filed this § 1983 lawsuit against San Patricio County jail officials, alleging that while housed at the jail, defendants violated rights secured by the United States Constitution.  Pending are two motions: (1) Motion for an Injunction and to be Transferred (D.E. 53-1); and (2) Motion for Return of Property (D.E. 53-2). Plaintiff contends that officials at the Eastham Unit have taken his legal materials.  He believes that because he is complaining about these officials, that he must be transferred to avoid retaliation. Because the motions request injunctive type relief, each will be treated as an application for temporary restraining order and preliminary injunction.

In order to obtain a preliminary injunction, plaintiff must demonstrate that: (1)  there is a substantial likelihood of success on the merits; (2) there is a substantial threat he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. Justin Indus. v. Choctaw Sec., L.P., 920 F.2d 262, 268 n. 7 (5th Cir. 1990).  A preliminary injunction is an extraordinary remedy; it should be granted only if the plaintiff clearly carries the burden of

persuasion as to all four factors.  Mississippi Power & Light v. United Gas Pipe Line, 760 F.2d 618, 621 (5th Cir. 1985).

Plaintiff has filed his motions in the wrong court.  The individuals against whom plaintiff is requesting injunctive relief are not defendants in this lawsuit.  This court does not have jurisdiction over those individuals.  The incidents about which Plaintiff complains occurred at the Eastham Unit in Lovelady, Texas, where the officials about whom he complains are found.  Lovelady is located in Houston County, which is in the Lufkin Division of the Eastern District of Texas.  28 U.S.C. § 124(c)(7).  Plaintiff should exhaust his administrative remedies and seek leave to file his motion for injunctive relief in the Lufkin Division of the Eastern District of Texas.[1]  See 28 U.S.C. § 1391(b).

## RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for an injunction and to be transferred (D.E. 53-1) and his motion for return of property (53-2) be denied without prejudice.

Respectfully submitted this 19th day of August, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] The Clerk shall mail to plaintiff a current copy of the docket sheet.  If plaintiff needs copies of documents on file in this case, he may file a motion requesting copies.  Before copies will be provided, plaintiff must show that copies of the documents are necessary for trial or for preparation of his response to the motion for summary judgment.  If plaintiff needs additional time to supplement his response to the motion for summary judgment, he should file a motion.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).